DONALD J. KIPNIS, ET AL., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kipnis v. Comm'r
Docket Nos. 30370-07, 30373-07.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 72; September 13, 2011, Decided
*72 For Petitioner: Dennis G. Kainen, KD0269, Weisberg Kainen Mark, PL, Miami, FL; Alan L. Weisberg, WA0320, Weisberg & Kainen, Miami, FL.
For Respondent: W. Robert Abramitis, AW0015, Miami, FL; William Lee Blagg, BW0794, Miami, FL.
Julian I. Jacobs, Judge.
Julian I. Jacobs
ORDER
These consolidated cases are calendared for trial at the Session of the Court commencing October 17, 2011, in Miami, Florida. On August 2, 2011, respondent filed a Motion for Summary Judgment. On September 2, 2011, petitioners' counsel filed Petitioners' Opposition to Motion for Summary Judgment.
Respondent cites Country Pine Finance, LLC v. Commissioner, T.C. Memo. 2009-251, to support his position. In that case, Country Pine Finance, LLC (Country Pine), entered into a Custom Adjustable Rate Debt Structure (CARDS) transaction which generated substantial tax losses for the members of Country Pine. Country Pine asserted that it had a nontax business purpose for entering into the CARDS transaction. Respondent argued otherwise and the Court agreed with respondent.
In the case at hand, petitioners' counsel avers that petitioners had a nontax business purpose in entering into the CARDS transaction involved herein. Miller and Solomon, an S Corporation, is owned by petitioners. It is a *73 general contractor engaged in the construction of major residential and commercial buildings. As a builder, Miller and Solomon is required to secure a bond with respect each project. In securing the bond, Miller and Solomon must establish, to the bonding agency's satisfaction, that it has sufficient "net quick" assets at its disposal. Petitioners' counsel asserts that the proceeds from the CARDS transaction involved herein created net quick assets that increased Miller and Solomon's bonding capability.
The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. The opposing party is afforded the benefit of all reasonable doubt, and any inferences to be drawn from the facts must be viewed in the light most favorable to the opposing party. After reviewing the parties' submissions it appears that there is a material fact in dispute in this matter. Thus, we cannot say that respondent is entitled to judgment as a matter of law.
The premises considered, it is
ORDERED that respondent's Motion for Summary Judgment, filed August 2, 2011, is denied.
(Signed) Julian I. Jacobs
Judge
Dated: Washington, D.C.
September 13, 2011